**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Duran,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-07-2317-PHX-FJM<br><br>**ORDER** |

Plaintiff brought this action seeking judicial review of the Social Security Administration's decision that he is not eligible for disability benefits. The court now has before it plaintiff's motion for summary judgment (doc. 19), and defendant's response and cross-motion for summary judgment (doc. 22). No other briefs were filed. For the reasons set forth below, we affirm the Commissioner's ruling.

Plaintiff applied for disability benefits and supplemental security income on August 4, 2004, alleging a disability onset date of July 20, 2004, due to vertebral fracture, disc disease, and bulging, causing chronic neck and back pain. The Administrative Law Judge ("ALJ") denied the application for benefits. Tr. 17. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

An ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Under this standard, an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the record," even where "evidence exists to support more than one rational interpretation." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ concluded that plaintiff was not disabled, finding that he retained the residual functional capacity ("RFC") to perform light work, including lifting or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing or walking up to six hours per day; and bending, crouching, crawling, kneeling, and climbing only occasionally. He further concluded that plaintiff is capable of performing the requirements of his past relevant work as a semi-skilled cashier, and alternatively, that plaintiff has transferable skills from his past work as a mechanic that are transferable to a position as a small parts assembler. Tr. at 23. The ALJ relied primarily on the opinion of medical expert Vincent Russo, M.D., who concluded that plaintiff is capable of performing the exertional activities of light work. Tr. at 241. The ALJ also relied on the opinion of a state agency physician who also concluded that, despite his back pain, plaintiff is capable of performing a light work. Tr. at 192.

Plaintiff now challenges the ALJ's RFC determination because it did not include a sit/stand limitation. Neither Dr. Russo, nor the state agency physician prescribed a sit/stand option. Tr. 241, 187, 192. Instead, both doctors concluded that plaintiff was capable of performing a full range of light work. However, during the hearing before the ALJ, Dr. Russo testified that "it would be appropriate" for plaintiff to "stretch, walk around for three, four minutes . . . every hour or two." Tr. at 282. Plaintiff now contends that this statement was tantamount to Dr. Russo prescribing a sit/stand option, which then should have been included in the ALJ's RFC assessment and hypothetical question presented to the vocational expert. We disagree. Dr. Russo consistently opined that plaintiff was capable of a full range of light work. He did not include in his medical assessment that plaintiff needed a sit/stand

- 2 -

option. Tr. at 241. His agreement with plaintiff's counsel that it would be "appropriate" for plaintiff to stretch or walk around for three or four minutes every hour or two is not the same as imposing a sit/stand option. Moreover, the ALJ posited to the vocational expert a hypothetical that involved a claimant who required the "ability to stand up and stretch" every hour or two. The vocational expert stated that, even with this limitation, the claimant could perform all of plaintiff's past relevant work. Tr. at 286-87. The ALJ properly included, in both the RFC assessment and the hypothetical question, all the functional limitations that he found to be supported by substantial evidence.

Moreover, even if a sit/stand option was appropriate, we nevertheless conclude that the ALJ's decision that plaintiff is not disabled is based on substantial evidence in the record. First, the ALJ found that plaintiff was capable of performing his past relevant work as a cashier, which he performed at a semi-skilled level. That conclusion is supported by the vocational expert's testimony that a claimant with plaintiff's RFC could perform the duties of a semi-skilled cashier, and if that claimant needed a sit/stand option, he could perform the duties of a cashier at an unskilled level. Tr. at 286.

Because the ALJ determined that plaintiff was capable of performing his past relevant work at step four, he was not required to determine at step five whether plaintiff can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). Nevertheless, the ALJ alternatively determined that, based on the testimony of the vocational expert, plaintiff has skills from his past work that are transferable to other positions that are available in significant numbers in the national economy. The vocational expert testified that plaintiff's past work as a small engine mechanic involved mechanical skills in assembling small products in a manufacturing environment, that are transferable to other positions, such as bearing ring assembler and bench assembler. Tr. at 288-89. This evidence is sufficient to support the ALJ's step five determination.

Finally, plaintiff contends that the ALJ erred in discounting his subjective complaints of pain. The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that plaintiff's statements

- 3 -

concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent alleged. The ALJ noted that plaintiff's credibility is diminished by the fact that the medical evidence does not support his allegations regarding the severity of his pain. The ALJ found significant that plaintiff's own treating physician reported that his alleged pain was "out of proportion" to the results of the physical exam. Tr. at 201. The state agency physician also opined that the severity or duration of the symptoms is disproportionate to plaintiff's medically determinable impairment. Tr. at 191. A physical therapist reported "fair prognosis for return to full function given the fact that subjective complaints do not correlate with objective findings." Tr. at 182. The ALJ also found significant the fact that plaintiff experiences no negative side effects from his pain medication, and that he can perform daily activities including caring for his four-year old daughter three days a week. These specific findings are sufficient to support the ALJ's decision to discount plaintiff's subjective complaints.

Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not disabled, and therefore not eligible for benefits, is supported by substantial evidence in the record. Therefore, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 22) and **DENYING** plaintiff's motion for summary judgment (doc. 19).

DATED this 28th day of January, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge